United States District Court

For the Northern District of California

1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10  RICHARD SLEZAK,                        No. C-05-3537 MMC

11          Plaintiff,                     **ORDER RE: BRIEFING ON
                                           DEFENDANTS' MOTION TO DISMISS**
12     v.

13  TCIF, et al.,

14          Defendants
    _____/

15

16      Before the Court is the motion, filed April 13, 2006 by defendants TCIF LLC ("TCIF")

17  and Select Portfolio Servicing, Inc. ("SPS"), to dismiss plaintiff Richard Slezak's First

18  Amended Complaint ("FAC").  By order filed May 3, 2006, the Court took the matter under

19  submission on the moving papers, no opposition having been filed.  On May 5, 2006,

20  however, plaintiff filed opposition, requesting that such filing be considered although

21  admittedly untimely.

22      At the outset, the Court notes that this is not the first instance in which plaintiff has

23  filed documents on an untimely basis and sought consideration thereof without showing

24  good cause to excuse the untimeliness.[1]  In light of such past conduct, further untimely

25  _____

26      [1]A review of the record of the instant action and of a prior related action reveals a
    number of such instances.  On March 2, 2006, in the instant action, plaintiff filed untimely
27  opposition to SPS's motion to dismiss the initial complaint.  Although plaintiff did not offer
    good cause to excuse the untimeliness, the Court considered the opposition.  In the prior
28  related action, Slezak v. IndyMac Bank FSB, et al., C 03-0650 MMC, after plaintiff failed to
    file timely opposition to two motions to dismiss, the Court vacated the scheduled hearing,
    whereafter plaintiff belatedly filed opposition; although the Court did not find any good

1  filings by plaintiff could well be considered deliberate in nature, thus warranting the

2  imposition of monetary sanctions in addition to the striking of such documents.

3  Nevertheless, in this instance, the Court will consider plaintiff's opposition.  There appears

4  to be little or no prejudice to defendants if the Court does so, provided defendants are

5  given an extension to file a reply.  Indeed, as noted below, further briefing could be of

6  assistance to all parties with respect to resolving a threshold issue presented by plaintiff's

7  claims.

8       The claims alleged by plaintiff in the FAC are based on the following allegations:

9  (1) on August 3, 2001, plaintiff executed a deed of trust and promissory note with respect to

10  the subject real property in favor of IndyMac Bank ("IndyMac"), and such documents were

11  publicly recorded on August 23, 2001 with the San Francisco County Recorder; (2) in

12  November 2004, plaintiff and IndyMac entered into an agreement whereby IndyMac

13  discharged plaintiff from any obligations he had to IndyMac, and such agreement was

14  publicly recorded in December 2004; (3) on March 16, 2005, SPS, acting on behalf of TCIF,

15  publicly recorded a document stating that TCIF had been assigned a security interest in the

16  subject real property;[2] and (4) IndyMac, in response to inquiries made by plaintiff, has

17  advised plaintiff that IndyMac has not located a record of its having assigned an interest in

18  the subject real property to TCIF.  Based on allegations that SPS "forged" the assignment

19  recorded in 2005, (see FAC ¶ 13), and that SPS has engaged in other wrongful conduct

20  with respect to plaintiff's real property, (see FAC ¶¶ 9-12), plaintiff seeks damages from

21  SPS.  With respect to TCIF, plaintiff seeks a declaration that TCIF does not have an

22  interest in the subject real property, as well as injunctive relief requiring transfer of title and

23  possession to plaintiff.

24       In their motion to dismiss, defendants argue that because the FAC does not allege

25

26  cause to excuse that untimely filing, the Court considered the opposition.  (See Order, filed

27  October 7, 2003.)

28       [2]Plaintiff does not identify the individual or entity from whom TCIF claims to have
     received the assignment.

1   TCIF itself "forged" the assignment or otherwise engaged in wrongful conduct, plaintiff fails

2   to state a claim against TCIF.  As noted, however, plaintiff seeks only declaratory and

3   injunctive relief against TCIF, in each instance based on a claim that TCIF's assignment is

4   invalid because the underlying security interest previously had been discharged by

5   IndyMac.  Consequently, it does not appear that TCIF is entitled to dismissal, at least on

6   the ground set forth in defendants' moving papers.

7         Defendants additionally argue that the claims against SPS should be dismissed, on

8   the ground that the FAC alleges SPS's conduct constitutes a breach of SPS's obligations

9   under a settlement agreement approved by the United States District Court for the District

10  of Massachusetts in the matter of Curry v. Fairbanks Capital Corp., C 03-10895 DPW.

11  (See FAC first ¶ 3.)  In particular, defendants rely on a provision in the Curry settlement

12  agreement requiring claims to enforce the agreement be filed in the District of

13  Massachusetts.  As plaintiff points out in his opposition, however, plaintiff's allegation that

14  SPS breached its obligations under the Curry settlement agreement is, at most, made in

15  the alternative to his allegation that the TCIF assignment is invalid.  (See Pl.'s Opp. at 3:4-

16  6; FAC ¶ 8 ("If there had been a valid deed of trust/ promissory note, SPS would have

17  grossly violated numerous provisions of the "Curry Agreement.") (emphasis added).)

18  Because defendants do not articulate a basis for dismissing the claims against SPS to the

19  extent such claims are premised on the theory that the assignment is a forgery, it does not

20  appear that SPS would be entitled to dismissal of all claims alleged against it.

21        Nevertheless, it is apparent that plaintiff's claims present a threshold issue,

22  specifically, whether in November 2004, when IndyMac discharged plaintiff from any

23  obligations plaintiff had to IndyMac, IndyMac in fact held an interest in the subject real

24  property.  It may well be that documents resolving such threshold issue exist and are the

25  proper subject of judicial notice.  See, e.g., Hotel Employees and Restaurant Employees

26  Local 2 v. Vista Inn Management Co., 393 F. Supp. 2d 972 (N.D. Cal. 2005) (taking judicial

27  notice of deeds recorded with San Francisco Assessor-Recorder's Office); Fed. R. Evid.

28  201(b) (providing district court with discretion to "take judicial notice, whether requested or

1  not").  For example, there may exist recorded documents reflecting the dates on which

2  IndyMac held a security interest in the subject real property, the participants in the transfer

3  of any security interest in the subject real property to TCIF, and the settlement agreement

4  between IndyMac and plaintiff, all of which could be submitted in the form of certified

5  copies.[3]

6          Accordingly, the Court hereby GRANTS plaintiff's request that his opposition to the

7  motion to dismiss be considered, and AFFORDS defendants the opportunity to file, no later

8  than June 9, 2006, a reply.  Unless the Court directs otherwise, the motion will stand

9  submitted as of June 9, 2006.

10          **IT IS SO ORDERED.**

11

12  Dated: May 16, 2006

13                                                                          MAXINE M. CHESNEY
                                                                            United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25          [3]In its motion to dismiss the initial complaint, SPS stated: "IndyMac [ ] sold [plaintiff's]

26  loan to Truman Capital on January 31, 2003 [and] [a]ccordingly IndyMac did not own the
    loan [in November 2004], and therefore had no ability to discharge it by virtue of the

27  settlement agreement between IndyMac and [plaintiff]."  (See SPS's Mot. to Dismiss, filed
    February 2, 2006, at 4:22-27.)  SPS, however, did not attempt to establish such facts at

28  that time, apparently because it could not discern from the initial complaint the theory
    plaintiff was advancing to challenge TCIF's interest in the subject real property.

4