United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

RICHARD SLEZAK,                          No. C-05-3537 MMC

12            Plaintiff,              **ORDER TREATING DEFENDANTS'**
                                      **MOTION TO DISMISS AS MOTION FOR**
13      v.                            **SUMMARY JUDGMENT; SETTING**
                                      **BRIEFING SCHEDULE**
14   TCIF, et al.,

15            Defendants
                                    /
16

17        Before the Court is the motion, filed April 13, 2006 by defendants TCIF LLC ("TCIF")

18   and Select Portfolio Servicing, Inc. ("SPS"), to dismiss plaintiff Richard Slezak's First

19   Amended Complaint ("FAC").  By order filed May 16, 2006, the Court granted plaintiff's

20   application to consider his untimely opposition, and afforded defendants the opportunity to

21   address in their reply a threshold issue, specifically, whether on November 16, 2004, the

22   date IndyMac Bank ("IndyMac") discharged plaintiff from any obligations plaintiff had to

23   IndyMac, IndyMac held an interest in plaintiff's real property.  In so doing, the Court made

24   the observation that judicially-noticeable documents might be of assistance in resolving

25   such threshold issue.

26        On June 9, 2006, defendants filed their reply.  In support thereof, defendants offer a

27   certified copy of an Assignment of Deed of Trust/Mortgage ("Assignment"), recorded in the

28   San Francisco Assessor-Recorder's Office on March 16, 2005, which indicates IndyMac

1    transferred its interest in the subject real property to TCIF.  (See Defs.' Req. for Judicial

2    Notice Ex. C.)  The Assignment is a document of which the Court may take judicial notice.

3    See, e.g., Hotel Employees and Restaurant Employees Local 2 v. Vista Inn Management

4    Co., 393 F. Supp. 2d 972 (N.D. Cal. 2005) (taking judicial notice of deeds recorded with

5    San Francisco Assessor-Recorder's Office).  As defendants acknowledge, however, the

6    Assignment does not indicate the date on which IndyMac transferred its interest in the

7    subject real property to TCIF.  Consequently, the Assignment does not resolve the

8    threshold issue identified by the Court in its May 16, 2006 order.

9        Also in support of their reply, defendants offer a copy of a Loan Purchase and Sale

10   Agreement ("Sale Agreement") between IndyMac and TCIF, under which IndyMac

11   transferred its interest in the subject property to TCIF on December 30, 2002.  (See

12   Samberg Decl. Ex. A.)  Along with the Sale Agreement, defendants have submitted the

13   declaration of Mitchell D. Samberg ("Samberg"), a managing officer of TCIF, who states

14   that "[d]ue to the large volume of mortgages that TCIF buys and sells on the secondary

15   market, it is not unusual for a significant lapse of time to occur between the date of the sale

16   and the recording of the Assignment."  (See id. ¶ 4.)  The Sale Agreement and the

17   Samberg Declaration are not documents of which the Court may take judicial notice,

18   however.  Consequently, the Court cannot consider such documents in the context of a

19   motion to dismiss.  Nevertheless, because the evidence presented, if undisputed, would

20   resolve the threshold issue of whether IndyMac held an interest in plaintiff's real property as

21   of November 16, 2004, the Court will not exclude the evidence and, instead, will "treat" the

22   motion as a motion for summary judgment made pursuant to Rule 56 of the Federal Rules

23   of Civil Procedure.  See Fed. R. Civ. P. 12(b) (providing where, in support of motion to

24   dismiss, "matters outside the pleadings are presented to and not excluded by the court, the

25   motion shall be treated as one for summary judgment").

26   //

27   //

28   //

2

1    Because plaintiff has not had an opportunity to respond to defendants' evidence as

2  to the date on which IndyMac transferred its interest in the subject real property to TCIF,

3  the Court hereby SETS the following briefing schedule:

4    1.  Plaintiff shall file and serve on defendants, no later than July 14, 2006, his

5  opposition to defendants' motion, now treated as a motion for summary judgment on the

6  issue of whether IndyMac held an interest in the subject real property on November 16,

7  2004.  In opposing such motion, plaintiff is referred to Rule 56(a)-(g) of the Federal Rules of

8  Civil Procedure.  If plaintiff does not file opposition by July 14, 2006, the Court will deem

9  defendants' motion submitted as of that date.

10    2.  If plaintiff files opposition by July 14, 2006, defendants shall file their reply, if any,

11  no later than July 28, 2006, and the motion will be deemed under submission as of that

12  date.

13    **IT IS SO ORDERED.**

14

15  Dated: June 22, 2006

16                                           MAXINE M. CHESNEY
                                            United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28