IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SLEZAK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TCIF, et al.,<br><br>　　　　Defendants<br>　　　　　　　　　　　　　　　／ | No. C-05-3537 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, CONSTRUED AS MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT** |

On April 13, 2006, defendants TCIF LLC ("TCIF") and Select Portfolio Servicing, Inc. ("SPS") filed a motion to dismiss plaintiff Richard Slezak's First Amended Complaint ("FAC"), pursuant to Rules 12(b)(1), (b)(3), and (b)(6) of the Federal Rules of Civil Procedure. By order filed May 16, 2006, the Court granted plaintiff's application to consider his untimely opposition, and afforded defendants the opportunity to address in their reply a threshold issue, specifically, whether on November 16, 2004, the date IndyMac Bank ("IndyMac") discharged plaintiff from any obligations plaintiff had to IndyMac, IndyMac held an interest in plaintiff's real property. Thereafter, on June 9, 2006, defendants filed their reply. Upon review of defendants' reply, the Court, by order filed June 22, 2006, advised the parties the Court would treat defendants' motion as a motion for summary judgment, and set a further briefing schedule. Thereafter, plaintiff filed further opposition to defendants' motion, and defendants filed a further reply.

1      Also, on July 6, 2006, plaintiff filed a motion for declaratory relief, seeking therein a declaration that any assignment from IndyMac to TCIF is void. Defendants filed opposition to plaintiff's motion, and plaintiff filed a reply.

     Having reviewed the papers submitted by the parties in connection with defendants' motion to dismiss, treated as a motion for summary judgment, and in connection with plaintiff's motion for declaratory relief, the Court hereby RULES as follows:

     1. To the extent plaintiff's claims against SPS and TCIF are premised on the theory that IndyMac did not transfer its interests in the subject real property to TCIF prior to November 16, 2004, defendants, for the reasons set forth in defendants' filings, are entitled to summary judgment. In particular, defendants have offered evidence that IndyMac transferred its interest in the subject property to TCIF before November 16, 2004, (see Samberg Decl. Ex. A), as well as an explanation why the transfer was not recorded until after November 16, 2004, (see id. ¶ 4), and plaintiff has failed to submit sufficient evidence to create a triable issue of fact as to whether the transfer did not occur before November 16, 2004.

     2. To the extent plaintiff's claims against SPS are premised on the theory that, assuming IndyMac did transfer its interests to TCIF prior to November 16, 2004, SPS has violated plaintiff's rights under the "Curry" settlement, (see, e.g., FAC ¶ 8), SPS, for the reasons set forth in defendants' filings, is entitled to dismissal without prejudice of such claims, in that the proper venue for such claims is the District of Massachusetts. (See Defs.' Req. for Judicial Notice, filed April 13, 2006, ¶ 3.)

     3. As set forth in defendants' filings, plaintiff has failed to make a sufficient showing that the above-referenced transfer from IndyMac to TCIF is void. Consequently, plaintiff is not entitled to declaratory relief.

//
//
//
//

**CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss, construed as a motion for summary judgment, is hereby GRANTED, and plaintiff's motion for declaratory relief is hereby DENIED.

The Clerk of the Court shall enter judgment in favor of defendants and thereafter close the file.

**IT IS SO ORDERED.**

Dated: August 23, 2006

_____
MAXINE M. CHESNEY
United States District Judge