United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARD SLEZAK,

        Plaintiff,

  v.

TCIF, et al.,

        Defendants

No. 03-3537 MMC

**ORDER DENYING DEFENDANTS' MOTION TO DECLARE PLAINTIFF VEXATIOUS LITIGANT; VACATING HEARING**

      Before the Court is defendants TCIF and Select Portfolio Servicing, Inc.'s ("SPS") motion to declare plaintiff Richard Slezak a vexatious litigant, filed September 29, 2006 and scheduled for hearing November 17, 2006. Plaintiff did not file timely opposition. See Civil L. R. 7-3(a) (providing opposition to motion must be filed no later than 21 days before hearing date).[1] Having considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the scheduled November 17, 2006 hearing, and rules as follows.

      A district court has the inherent power to issue a restrictive pre-filing order against a litigant with a history of abusive and lengthy litigation. See DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). Before a district court issues a pre-filing order, however, "it is

---

[1] By letter dated October 27, 2006, and filed October 31, 2006, plaintiff requested an extension of time to file opposition. In light of the Court's findings discussed infra, plaintiff's request is hereby DENIED as moot.

1 incumbent on [that] court to make 'substantive findings as to the frivolous or harassing
2 nature of the litigant's actions.'" See id. at 1148 (quoting In re Powell, 851 F. 2d 427, 431
3 (D.C. Cir. 1988)).  In that regard, the court "needs to look at 'both the number and content
4 of the filings." Id. (quoting Powell, 851 F. 2d at 431).  A pre-filing order "'is an extreme
5 remedy, and should be used only in exigent circumstances.'" See id. at 1147 (quoting In re
6 Oliver, 682 F. 2d 443, 445 (3rd Cir. 1982)).  Additionally, any such order "must be narrowly
7 tailored to closely fit the specific vice encountered."  See id. at 1148.

8 Here, defendants request that the Court issue three orders: (1) an order prohibiting
9 plaintiff from "filing any more motions in the instant suit unless the motion is first approved
10 by an appropriate court designated party such as the Court Clerk"; (2) an order prohibiting
11 plaintiff from "filing any more lawsuits against [d]efendants TCIF or Fairbanks Capital
12 Corporation[2] based upon this same set of facts, e.g. any actions related to [d]efendants'
13 interest in [plaintiff's] San Francisco property"; and (3) an order requiring plaintiff "to post a
14 minimum $10,000.00 bond with each filing so that [d]efendants may recoup attorney's fees
15 if that filing is later found to be frivolous, unfounded, or meant to harass."  (See Defs.' Mot.
16 at 13:19 - 14:7.)

17 The Court finds defendants have not submitted a record sufficient to demonstrate
18 the particular requests sought by the instant motion are necessary to address a "specific
19 vice."  See DeLong, 912 F. 2d at 1148.

20 First, although defendants offer copies of dockets, filings, and/or orders issued in ten
21 other cases in which plaintiff was a plaintiff and/or appellant, defendants provide the factual
22 and procedural details as to only two of such matters, Slezak v. State of California, et al.,
23 C-97-4101 SBA, and Slezak v. State Farm Insurance Companies, et al., CGC-97-991366.
24 "A pre-filing injunction cannot issue merely upon a showing of litigiousness."  DeLong, 912
25 F. 2d at 1148 (internal quotation and citation omitted).  Moreover, judgment has been
26 entered in the instant action.  Defendants have not shown plaintiff has a practice of filing
27
28      [2]SPS was known previously as Fairbanks Capital Corporation.

2

frivolous post-judgment motions. At best, the documents submitted by defendants indicate plaintiff has filed a single post-judgment motion in each of two prior actions. As to those actions, defendants have not even argued, let alone offered sufficient evidence to support a finding that, such post-judgment motions were abusive in nature.[3]

Second, although plaintiff has filed one prior action against SPS regarding the same property as was at issue herein, the instant action is not duplicative of the prior action, as the instant action is based on conduct by SPS that is alleged to have occurred after the prior action was resolved, and, in particular, concerns the effect of the settlement of that prior action by another defendant.[4] Moreover, the instant action appears to have been filed, in large part, because of plaintiff's asserted confusion as to whether and/or when TCIF obtained an interest in the subject real property; had TCIF not delayed for more than two years before recording its interest in plaintiff's property, any such confusion may well have been alleviated. Under the circumstances, defendants have failed to offer sufficient evidence to demonstrate the existence of a serious risk that plaintiff will file duplicative or otherwise frivolous actions against TCIF and/or SPS with respect to the subject real property.[5]

Finally, defendants have not shown a bond is necessary to require payment of any sanction that might be awarded against plaintiff.

//
//
//

---

[3] In the instant case, plaintiff has filed one post-judgment motion, specifically, a motion for reconsideration, which motion currently is under submission. Copies of the prior post-judgment motions have not been provided.

[4] The earlier action, Slezak v. IndyMac Bank FSB, et al., C-03-0650 MMC, was heard by this Court. Defendants have made no showing as to why a finding of frivolousness as to that litigation would be appropriate.

[5] This observation is not intended to suggest a finding by the Court that plaintiff has never filed a frivolous lawsuit. As noted, defendants did provide the details as to two of plaintiff's prior cases. Those two prior actions, based on defendants' showing, do appear to have been frivolous.

3

**CONCLUSION**

For the reasons stated, defendants' motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 3, 2006

MAXINE M. CHESNEY
United States District Judge