IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SLEZAK, | No. C-05-3537 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL OR FOR RECONSIDERATION** |
| v. | |
| TCIF, et al., | |
| Defendants.            / | |

Before the Court is plaintiff's "Motion for New Trial, Motion for Reconsideration from the Court Order filed Aug[.] 23, 2006 Granting Defendants['] Motion to Dismiss Construed as a Summary Judgment; Denying Plaintiff['s] Motion for Summary Judgment," filed September 5, 2006, as amended September 11, 2006.[1]  Defendants TCIF LLC ("TCIF") and Select Portfolio Servicing, Inc. ("SPS") have filed opposition.  Plaintiff did not file a reply.  Having considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.

On August 23, 2006, the Court granted defendants' motion to dismiss, construed as

---

[1] Because the instant motion was filed within ten days after the entry of judgment, the Court construes the motion for reconsideration as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (providing "a 'motion for reconsideration' is treated as a motion to alter or amend judgment under . . . Rule 59(e) if it is filed within ten days of entry of judgment").

1  a motion for summary judgment, and denied plaintiff's motion for declaratory judgment; the
2  Clerk, on that same date, entered judgment.  Plaintiff now seeks reconsideration of the
3  Court's order on the asserted ground the Court did not consider some of the arguments
4  raised in plaintiff's filings.  Plaintiff additionally asserts he is entitled to a continuance
5  pursuant to Rule 56(f) to conduct further discovery, and that he should be afforded leave to
6  amend his First Amended Complaint ("FAC").

**A.    Reconsideration**

In its order of August 23, 2006, the Court found plaintiff had failed to submit sufficient evidence to create a triable issue of fact as to whether IndyMac Bank ("IndyMac") failed to transfer its interests in the real property at issue herein to TCIF before November 16, 2004.[2]  Plaintiff asserts that the Court, in so ruling, did not consider his argument that, if the Court found IndyMac did in fact transfer its interests to TCIF before November 16, 2004, such transfer nonetheless is ineffective against plaintiff because (1) the settlement agreement has "priority" over the transfer, (2) the transfer was not properly notarized, rendering its recording invalid, and (3) TCIF failed to properly notify plaintiff of the transfer.  Assuming, arguendo, plaintiff's prior filings adequately raised such argument, at least implicitly, plaintiff, for the reasons set forth below, has failed to show he is entitled to relief.

First, to support his contention that the earlier-recorded settlement agreement has "priority" over IndyMac's transfer to TICF, plaintiff, relying on §§ 1214 and 1107 of the California Civil Code, points out that TCIF recorded the transfer after plaintiff recorded the settlement agreement.[3]  Plaintiff's reliance on §§ 1214 and 1107 is misplaced.  The cited

---

[2] In his FAC, plaintiff alleged that his obligations to IndyMac were released by virtue of a settlement agreement entered November 16, 2004 between plaintiff and IndyMac, and that IndyMac had not, prior to that date, transferred its interest in the subject mortgage to TCIF.

[3] Section 1214 provides: "Every conveyance of real property . . . is void as against any subsequent purchaser or mortgagee of the same property . . . in good faith and for a valuable consideration, whose conveyance is first duly recorded . . . unless the conveyance shall have been duly recorded prior to the record of notice of action."  Section 1107 provides: "Every grant of an estate in real property is conclusive against the grantor, also against everyone subsequently claiming under him, except a purchaser or incumbrancer who in good faith and for a valuable consideration acquires a title or lien by an instrument

2

provisions do not apply herein, as the instant settlement agreement does not constitute a "conveyance" or a "grant of an estate in real property." The settlement agreement did not reference in any manner, let alone purport to affect, title to plaintiff's real property.[4] See Cal. Civ. Code § 1215 (providing "conveyance . . . embraces every instrument in writing by which any estate or interest in real property is created, alienated, mortgaged, or encumbered, or by which the title to any real property may be affected, except wills"). Moreover, the purpose of recording statutes is to protect "prospective purchasers or mortgagees" and "their rights as bona fide purchasers." See Domarad v. Fisher & Burke, Inc., 270 Cal. App. 2d 543, 554 (1st Dist. 1969). Because plaintiff did not obtain property or a mortgage by reason of the settlement agreement, plaintiff is not a prospective purchaser or mortgagee. See Black's Law Dictionary 1248, 1030 (7th ed. 1999) (defining "purchaser" as "[o]ne who obtains property for money or other valuable consideration" and "mortgagee" as "[o]ne to whom property is mortgaged"). Consequently, the timing of plaintiff's recording of the settlement agreement has no bearing on the validity of the transfer from IndyMac to TCIF.[5]

      Plaintiff next argues that defendants are not entitled to summary judgment because TCIF did not give plaintiff notice of the assignment before plaintiff recorded the settlement agreement. In that regard, plaintiff relies on § 9406(a) of the California Commercial Code, which, in relevant part provides: "[A]n account debtor . . . may discharge its obligation by paying the assignor until, but not after, the account debtor receives a notification, authenticated by the assignor or the assignee, that the amount due or to become due has been assigned and that payment is to be made to the assignee." In particular, plaintiff

---

that is first duly recorded."

[4] The settlement is attached as Exhibit A to plaintiff's "Request of Judicial Notice," filed July 14, 2006. Said agreement provides for the dismissal of plaintiff's lawsuit against IndyMac in exchange for a payment by IndyMac to plaintiff in the amount of $25,000. Each party additionally provided a general release of all claims.

[5] The Court having determined that plaintiff's recording of the settlement agreement prior to TCIF's recording of the transfer did not extinguish plaintiff's obligations to TCIF, the Court need not address the issue of whether the transfer was properly notarized.

3

1 contends his obligation to TCIF was discharged, pursuant to § 9406(a), because IndyMac
2 "accepted payment in full by way of the . . . settlement agreement" before TCIF notified
3 plaintiff of the assignment.  Again, plaintiff's reliance on California law is misplaced.
4 Section 9406 addresses only the question of to whom a debtor must make his payment,
5 specifically, the assignor or assignee; it does not provide for invalidation of an assignment
6 for want of notification.  See Cal. Comm. Code § 9406 cmt. 2 ("Subsection (a) provides the
7 general rule concerning an account debtor's right to pay the assignor until the account
8 debtor receives appropriate notification.").  Moreover, plaintiff made no payment to the
9 assignor.  As discussed above, the settlement contained no provision concerning the
10 subject mortgage, let alone an acceptance of consideration in lieu of payment thereon.
11 Consequently, plaintiff's obligations to TCIF were not extinguished by reason of plaintiff's
12 having entered the settlement agreement before receiving notice of the assignment.
13 Accordingly, plaintiff has not shown any ground exists to support reconsideration of
14 the Court's order of August 23, 2006.

**B.   Rule 56(f) Continuance**

16 As noted, plaintiff also requests a continuance under Rule 56(f) to conduct further
17 discovery.  See Fed. R. Civ. P. 56(f) ("Should it appear from the affidavits of a party
18 opposing the motion that the party cannot for reasons stated present by affidavit facts
19 essential to justify the party's opposition, the court may refuse the application for judgment
20 or may order a continuance to permit affidavits to be obtained or depositions to be taken or
21 discovery to be had or may make such other order as is just.").  A request under Rule 56(f)
22 is untimely unless made "prior to the summary judgment hearing."  See Ashton-Tate Corp.
23 v. Ross, 916 F.2d 516, 520 (9th Cir. 1990).  Here, the request is being made, in the first
24 instance, after entry of judgment, and, consequently, is untimely.  See id.
25 Accordingly, plaintiff is not entitled to relief under Rule 56(f).

**C.   Leave to Amend**

27 Finally, plaintiff asserts he should be allowed to amend his complaint to include "all
28 his issues with IndyMac bank against TCIF," (See Pl.'s Amended Mot. at 9.)  The nature of

4

the new claims plaintiff is proposing are unknown, because plaintiff has not offered a proposed amended complaint.  In any event, "a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." See Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996).  Because no grounds exist to warrant the Court's reopening the judgment, plaintiff is not entitled to amend his pleading. See id.

## CONCLUSION

For the reasons stated above, plaintiff's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 28, 2007

MAXINE M. CHESNEY
United States District Judge